People of the State of Illinois, Plaintiff-Appellant, v. Jimmy Williams Alias Kid Riviera, Defendant-Appellee.

Gen. No. 50,141.

First District, Second Division.

May 11, 1965.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for appellant.

No brief filed for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

This appeal is taken by the State from the quashing of two counts of a four count indictment relating to gambling returned against defendant in June of 1964.

Count I charged defendant with keeping a dice table in Chicago on April 19, 1964, in violation of Section 28–1(a)(3) of the Criminal Code, Ill Rev Stats 1963, chap 38, par 28–1(a)(3); Count III charged him with keeping a gambling house in Chicago on the same date, in violation of Section 28–3 of the Code, Ill Rev Stats 1963, chap 38, Par 28–3. Counts II and IV set out a 1958 gambling conviction, and were designed to take advantage of the enhanced penalty provisions for subsequent gambling offenses contained in the respective sections of the present Criminal Code.

Defendant filed a pretrial motion to quash all four counts of the indictment. After hearing the arguments of counsel on the motion, the trial court held that the enhanced penalty provisions of Sections 28–1 and 28–3 have no application where the prior conviction which is charged in the indictment predates the effective date of the present Criminal Code, January 1, 1962. The court held that the alleged violations of April 19, 1964, do not constitute a subsequent offense which would give rise to the application of the enhanced penalty provisions of Sections 28–1 and 28–3. Counts II and IV were quashed.

On motion of the State, the cause was stricken, with leave to reinstate, and notice of appeal was filed, pursuant to Ill Rev Stats 1963, chap 38, par 120–1. The defendant has failed to file a brief as required by Supreme Court Rule 39.

The State contends the trial court's construction of the enhanced penalty provisions of Sections 28–1 and

28–3 frustrates the intent and the purpose of the legislature in enacting these provisions.

The penalty provisions of Section 28–1 read:

> "A person convicted of gambling shall be fined not to exceed $500 or imprisoned in a penal institution other than the penitentiary not to exceed one year, or both. For each subsequent conviction under Subsection 28–1(a)(3) through (10) such person shall be fined not to exceed $1,000 or imprisoned in a penal institution other than the penitentiary not to exceed one year or in the penitentiary from one to 3 years, or both fined and imprisoned."

The penalty provisions of Section 28–3 read:

> ". . . Any person who knowingly permits any premises or property owned or occupied by him or under his control to be used as a gambling place shall be fined not to exceed $500 or imprisoned in a penal institution other than the penitentiary not to exceed one year, or both. For each subsequent conviction, such person shall be fined not to exceed $1,000 or imprisoned in the penitentiary from one to 3 years, or both. . . ."

The issue to be resolved is whether an offense charged under the present Criminal Code may form the basis, as a subsequent conviction, for the application of the enhanced penalty provisions of the present Code, where the prior conviction which is charged predates the present Code. The object of the construction of any statute, whether civil or criminal, is to give effect to the legislative intent, and while penal laws are to be strictly construed, they are not to be construed so strictly as to defeat that intent. People

v. Kirkrand, 397 Ill 588, 590, 74 NE2d 813. A statute will be construed not only by considering the language used, but also the evil to be remedied and the object to be attained. People ex rel. Simpson v. Funkhouser, 385 Ill 396, 403, 52 NE2d 1014.

It should be noted at the outset that provisions for enhanced penalties upon subsequent convictions for certain forms of gambling were contained in the statutes predating the present Criminal Code. See Ill Rev Stats 1959, chap 38, pars 324–335. These provisions contemplated an increased penalty for those persons who, after having been convicted of a gambling offense a first time, would continue their illegal activities rather than reform. See People v. Klemick, 311 Ill App 508, 36 NE2d 846.

The Committee Comments relative to article 28 of the present Criminal Code states:

> "Article 28 represents an attempt to present a unified statute which correctly expresses the public policy of the state towards gambling and at the same time avoids ambiguity and inconsistency. . . . Several changes of significance should be noted, however.

> "Section 28–1(c) provides a uniform penalty for first offenders regardless of the particular type of gambling in which engaged. In addition, persons who repeatedly violate subsections (a)(3) to (a)(10) are subject to penitentiary sentences. The policy behind this provision is to place heavy sanctions on the conduct of gambling as a business enterprise. Because of the possibility of a penitentiary sentence, the practice of paying fines as a part of 'overhead' by professional gamblers and organized mobsters will no longer be possible. Although this sort of penalty provision has been used in some of the previous anti-gambling stat-

utes, the Code applies it uniformly to all types of commercialized gambling. . . ." (SHA, c 38, Committee Comments to art 28.)

■ ■ As the above quotation indicates, the increased penalty provision of Section 28–1 was intended to curtail organized and commercialized gambling. Were the position to be accepted, that a conviction must be had under the present Criminal Code before any second conviction could give rise to the application of the increased penalty, it would frustrate the purpose of the enhanced penalty provision by affording the professional gambler an additional conviction and an opportunity to make an additional "overhead payment" before he is made subject to the heavier penalty provided. This is precisely what the present Criminal Code was designed to eliminate.

Furthermore, the old statutes contained increased penalty provisions for subsequent gambling offenses, similar to the provision involved here. It would be unreasonable to hold that when enacting the penalty provisions of the present Criminal Code the legislature intended to give the professional gambler a "clean slate" by ignoring past gambling offenses.

Although the Committee Comments relate to the penalty provision of Section 28–1, the same legislative intent must be applied to the increased penalty provision contained in Section 28–3, relating to the keeping of a gambling house. To hold otherwise would be contrary to the obvious intent of the legislature to curtail professional gambling in general.

The order quashing counts II and IV of the indictment is reversed and the cause is remanded with directions to reinstate these counts.

Order reversed and cause remanded with directions.

BRYANT and LYONS, JJ., concur.