(No. 39711.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JIMMY WILLIAMS, alias Kid Rivera, Appellant.

*Opinion filed January 19, 1967.—Rehearing denied March 27, 1967.*

WARD, J., took no part.

GETER & GETER, of Chicago; (HOWARD D. GETER, SR. and HOWARD D. GETER, JR., of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of·Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The defendant Jimmy Williams, alias Kid Rivera, was convicted in a bench trial in the circuit court of Cook County on two counts of gambling. He was sentenced to six months in the county jail and fined $1,000 on each count, the jail sentences to run concurrently and the fines to be cumulative. Defendant appeals directly to this court alleging, among other things, a violation of his constitutional rights by reason of an illegal search and seizure.

At about 5 A.M. on April 19, 1964, Illinois State police officers, armed with a warrant authorizing the seizure of numerous pairs of dice and a large table utilized for a dice game from the first floor of a building at 4025 West 18th Street in Chicago, entered the premises and found defendant and 33 other people standing around a dice table and a bar. Defendant and others were arrested and the arresting officers seized the dice table, dice (some with the number 4025 on them), playing cards, policy slips, and business cards imprinted with "Kid—4025 W. 18 St. — hrs. 11 to ?" followed by a telephone number. A telephone

bill was also found with defendant's name on it having the same number as that on the business card.

A four-count indictment was returned against defendant.. Count I charged him with keeping a gambling device, a dice table, in violation of section 28—1 of the Criminal Code of 1961. (Ill. Rev. Stat. 1963, chap. 38, par. 28—1 (a)(3).) Count II made the same charge as I and also alleged a previous conviction on April 17, 1958, as a keeper of a gambling house in violation of section 127 of division I of the Criminal Code. (Ill. Rev. Stat. 1957, chap. 38, par. 325.) The third count alleged that defendant kept a gambling place at 4025 W. 18th Street, Chicago, Illinois, in violation of section 28—3 of the Criminal Code of 1961. (Ill. Rev. Stat. 1963, chap. 38, par. 28—3.) Count IV alleged the same offense as in III and also alleged the same previous conviction as in count II. Conviction of a subsequent offense carries a more severe penalty than a first conviction.

Prior to trial defendant filed a motion to quash all four counts. The trial court held that the enhanced penalty provisions for subsequent offenders found in paragraphs 28—1 and 28—3 were inapplicable where the prior conviction charged in the indictment predated the effective date of the present criminal code, January 1, 1962. The court thereupon quashed counts II and IV for that reason. On motion of the State the cause was stricken with leave to reinstate, and a notice of appeal was filed pursuant to section 120—1 of the Code of Criminal Procedure. (Ill. Rev. Stat. 1963, chap. 38, par. 120—1.) The Appellate Court, First District, Second Division, reversed the order quashing counts II and IV and remanded with directions to reinstate those counts. (*People* v. *Williams,* 59 Ill. App. 2d 217.) The cause was reinstated, and the court found defendant guilty of counts II and IV and dismissed counts I and III. This appeal followed.

Defendant first contends that the search warrant should

have been quashed and the evidence obtained suppressed. He argues that the complaint for the warrant was insufficient because it was based on unreliable hearsay statements of an informer. The complaint for the search warrant recites that two informers, who had furnished reliable information in the past, advised the complainant that on March 31, April 8, 12, 13, and 15, 1964, they had witnessed dice games around a large covered table on the first floor of the building located at 4025 W. 18th Street, that they had participated in wagering at the dice table on these occasions, and that these games were frequented by numerous patrons. The complainant also stated that on March 17, 1964, he observed known gamblers enter the building and stay for long periods of time.

The question here again posed is whether hearsay evidence is sufficient to establish probable cause for the issuance of a search warrant. Following a decision of the Supreme Court (*Jones* v. *United States,* 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725) we have held hearsay evidence sufficient if there is substantial basis for relying upon it. (*People* v. *York,* 29 Ill.2d 68; *People* v. *Williams,* 27 Ill. 2d 542.) Here, as in the prior *Williams* case, the affidavit set forth personal observations of informers who had furnished reliable information in the past. Furthermore, although not essential to establish probable cause, the informers' stories were corroborated by the affiant's statement that approximately two weeks before the informers' first visit, he had observed known gamblers enter the involved premises and stay for long periods of time. We hold that probable cause for the issuance of the warrant was shown.

Defendant also argues that the trial court erroneously admitted into evidence items which were obtained as a result of the search, but which were not mentioned in the search warrant. He further contends that the items not mentioned in the warrant, namely, the records, playing

cards, business cards, and telephone bill, were merely seized for evidentiary purposes and could not be seized even under a valid search warrant. The State, on the other hand, argues that the items objected to were obtained as a result of a search incident to a lawful arrest, and that they were proper objects of a search and seizure as items used in a criminal enterprise.

It is well established that defects in a search warrant are immaterial if the search can be otherwise justified. (*People* v. *Brinn,* 32 Ill.2d 232, 241, and cases therein cited.) It is also settled that a reasonable search incident to a lawful arrest is proper. (*People* v. *Brinn,* 32 Ill.2d 232, 241 and other cases cited therein.) We think the officers had reasonable ground to believe that gambling offenses were being committed when they entered the room and saw a dice table with dice on it and a number of people standing around it at about 5 o'clock in the morning. Although some of the items seized were not listed in the search warrant, they were properly seized in a search incident to a lawful arrest. Furthermore, the records, telephone bill, playing cards and business cards were all items so closely related to the business of keeping a gambling house it is not unreasonable to consider them as used to carry on such a business. (See *Marron* v. *United States,* 275 U.S. 192, 72 L. Ed. 231, 48 S. Ct. 74.) The admission of these items into evidence did not constitute error.

Defendant next contends that he cannot be penalized as a subsequent offender under section 28—1 or 28—3 (Ill. Rev. Stat. 1965, chap. 38, par. 28—1, 28—3,) for the reason that his earlier conviction for keeping a gambling house was prior to the effective date of the Criminal Code of 1961, January 1, 1962. He argues that the court must give a retroactive interpretation to sections 28—1 and 28—3, contrary to legislative intent, in order to sentence him as a subsequent offender. As noted earlier, this same question was presented to the Appellate Court, First Dis-

trict, in *People* v. *Williams,* 59 Ill. App. 2d 217. That court held the provisions relating to enhanced penalties for subsequent offenders applicable to defendant. We are of the opinion that the Appellate Court properly held the enhanced penalties applicable to subsequent offenses where the first such offense occurred prior to the effective date of the Criminal Code of 1961.

Defendant's final contention is that the State failed to prove him guilty beyond a reasonable doubt. It is well established that we will not disturb the findings of the trier of fact and substitute our own conclusions unless the proof is so unsatisfactory as to justify a reasonable doubt as to defendant's guilt. (*People* v. *Boney,* 28 Ill.2d 505; *People* v. *Means,* 27 Ill.2d 11.) After a careful examination of the record we cannot say that the conclusion of the trial court was unwarranted.

The People point out that defendant was convicted on count IV as a subsequent offender under section 28—3 which provides for a $1000 fine or imprisonment "in the penitentiary from one to three years, or both," but that the trial court sentenced him to six months in jail and imposed a fine of $1000. They suggest that we regard this six-month jail sentence as a nullity. It is so considered and is vacated.

The judgment of the circuit court of Cook County, as modified, is affirmed.

*Judgment modified and affirmed.*

Mr. Justice WARD took no part in the consideration or decision of this case.