**People of the State of Illinois, Plaintiff-Appellant, v. Frank Aureli, Defendant-Appellee.**

**Gen. No. 52,221.**

First District, Third Division.
September 12, 1968.
Rehearing denied October 24, 1968.

350

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Eldridge R. Hersey, Assistant State's Attorneys, of counsel), for appellant.

Samuel V. P. Banks and Anna R. Lavin, of Chicago, for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an interlocutory appeal, pursuant to Supreme Court Rule 604, from an order of the trial court, quashing a search warrant and suppressing certain evidence seized pursuant to the warrant. The State contends that the affidavit on which the warrant was issued presented reasonable cause for its issuance and that the motions to quash the warrant and to suppress the evidence should have been denied. The facts follow.

Duncan J. Everette, a special agent for the Federal Bureau of Investigation and referred to herein as the affiant, filed a complaint supported by affidavit seeking a search warrant for the premises described as 6949 West Grand Avenue in Chicago, Illinois. The complaint alleged that records of race horse bets, scratch sheets, miscellaneous gambling paraphernalia and other evidence of the offense of gambling could be found and seized at that address. Everette's affidavit averred that he received information from two informers, each of whom had supplied reliable information concerning other gambling matters, and that they told of calling the Chicago telephone number 889-7272 on five different days and placing bets

with the man who answered. The affidavit further alleged that the informers furnished the information separately and without knowledge of each other's identity as an informer. He (Everette) then determined from telephone company records that the telephone number in question was that of Sam Golden of the Grand Avenue address; that he proceeded to place the building at that address under surveillance and that he personally observed the defendant entering the premises on July 15th and July 19th and again observed him in the vicinity of the building on July 25, 1966. The affidavit further recited that police records showed that the defendant had been charged with gambling and bookmaking on six different occasions. On the foregoing facts the warrant issued and the search was carried out.

■■ The issue presented on this appeal is whether the hearsay statements contained in the affidavit are supported by sufficient underlying circumstances to merit recognition by the court as reasonable and reliable information. The court is not confined to rules of evidence such as would apply in the trial of a case nor does the law require that the affidavit allege facts sufficient to sustain a conviction. Moreover, courts are disposed to greater leniency with respect to the admission of evidence seized pursuant to a warrant than with respect to evidence seized pursuant to an arrest. United States v. Ventresca, 380 US 102 (1964).

■■ An affidavit supporting a complaint for a search warrant is not deemed insufficient because it contains hearsay statements "so long as a substantial basis for crediting the hearsay is presented." Aguilar v. Texas, 378 US 108 (1964); United States v. Ventresca, 380 US 102 (1964); Jones v. United States, 362 US 257 (1960). Thus probable cause for search may be based on information supplied by an informant if the reliability of the informant has been previously established, People v. Durr,

352

28 Ill2d 308, 192 NE2d 379, or independently corroborated, People v. McFadden, 32 Ill2d 101, 203 NE2d 888.

In the instant case the affiant stated that two informers, each unknown to the other and each of whom had in the past supplied reliable information regarding gambling matters, disclosed that they had placed bets through the telephone number identified with the premises and set forth in the complaint. The affiant also stated that he had observed the defendant in or around the premises in question on July 15, July 19 and July 25, 1966, and that he had discovered from police records that the defendant had been charged with gambling and bookmaking on six occasions.

■ The warrant must stand or fall on the facts set forth above. The other allegations in the affidavit which relate to the defendant's itinerary to and from the Grand Avenue address are of no value since the source of the information is not specified and the allegations are prefaced only with the statement that the defendant "was observed."

■ Excluding the allegations referred to in the preceding paragraph, however, the facts presented by the affidavit are still sufficient to support the issuance of a search warrant. People v. Williams (alias Kid Rivera), 36 Ill2d 505, 224 NE2d 225; People v. William J. Williams, 27 Ill2d 542, 190 NE2d 303. In both Williams cases, search warrants were issued on the basis of the hearsay statements of reliable informers. The informers told of witnessing and participating in dice games and horse race betting and in each case the affiant stated that the informers had supplied reliable information in the past. Although not essential to the outcome of the cases, the court observed in one case that known gamblers were seen frequenting the suspect premises and in the other case the informer forwarded betting slips to the affiant. In each case the court upheld the validity of the search warrant.

The defendant contends that the two Williams cases are not controlling and he relies on United States v. Roth, 391 F2d 507 (7th Cir). In that case the informer did not advise the law enforcement authorities of his personal observations, but merely relayed information from another undisclosed source. The informer was therefore only a conduit for the information and the reliability of the primary source could not be ascertained. It also appeared that the personal observations of the affiant and the other agent were insufficient to corroborate the information. One agent had observed in a warehouse sought to be searched boxes bearing a well known trade name similar to that of the company whose goods were charged to have been stolen. The court held that the boxes could have contained any of a wide variety of products manufactured by that company and that they did not necessarily contain the stolen merchandise which was sought. That is quite different from the case before us.

Defendant also contends that the court could not consider his previous arrest record as tending to corroborate the informers' statements and he cites United States v. Mirallegro, 387 F2d 895 (7th Cir). In that case there was no allegation that any person had observed the actual gambling transactions or had participated in them. The affidavit merely stated that the suspect customarily purchased a racing form and then proceeded to an apartment in an adjoining city and that he had been arrested for gambling in 1933 and in 1965. The court held (with one dissent) that the affidavit failed to establish probable cause for the issuance of the warrant.

The principal difference between the instant case and Mirallegro, supra, is that in Mirallegro neither the affiant nor any informer observed the commission of a crime or participated therein. In that case facts which were observed and set forth in the affidavit were not in

354

the opinion of the court sufficient to support an inference that a crime was being committed.

In the instant case the affidavit identified the premises as the location at which telephone bets had been placed, and the conduct described, far from being innocent, was in itself criminal. It was then material, under People v. Williams, 36 Ill2d 505, 224 NE2d 225, to show that the suspect premises were frequented by known gamblers. Defendant was observed entering the building and was shown to have a substantial record of gambling charges.

■ The defendant also contends that the affiant Everette had no authority to investigate gambling offenses and that he appears in this case as a private citizen and a volunteer. That does not affect the credibility or accuracy of the affidavit he made. The affidavit was sufficient to establish probable cause for the issuance of the warrant, and the search was reasonable.

The order is reversed and the cause is remanded with directions to admit the evidence obtained by the search upon the trial of the defendant, and for such other and further proceedings as are not inconsistent with the views herein expressed.

Order reversed and cause remanded with directions.

DEMPSEY, P. J. and SULLIVAN, J., concur.