People of the State of Illinois, Plaintiff-Appellant, v. Louis Kopple and Morris Klotz, Defendants-Appellees.

Gen. Nos. 52,466–52,474.

First District, First Division.

January 13, 1969.

Rehearing denied March 12, 1969.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Rudolph Janega and Eldridge R. Hersey, Assistant State's Attorneys, of counsel), for appellant.

No appearance made or briefs filed in behalf of appellees.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

This is an interlocutory appeal by plaintiff, People of the State of Illinois, from an order entered by the Circuit Court of Cook County, quashing a search warrant and suppressing evidence. The search warrant was originally issued to search certain premises for certain instruments, articles and things which had been used in the commission of or which constituted evidence of the offense of gambling. The trial court sustained the defendant's motion to quash the search warrant for the reason that the complaint for the search warrant lacked probable cause for search.

The complaint for the search warrant was made by a special agent of the Federal Bureau of Investigation on October 6, 1966, before a Judge of the Circuit Court of Cook County. The complainant stated in the complaint he had probable cause to believe that apartment 304 at 4750 North Clarendon, Chicago, Illinois, was being used for gambling purposes, based upon the following facts:

On March 24, 1966, an informer advised the complainant that in the recent past he (the informer) had been placing sports bets by calling telephone numbers 275–2026 and 275–2079, and that the persons who accepted his bets at those telephone numbers identified themselves as "Slick" and "Klutz." On March 24, 1966, the complainant checked the records of the Illinois Bell Telephone Company in Chicago, Illinois, and determined that the two telephone numbers were listed to one Harold Jackson, Apartment 304, 4750 North Clarendon, Chicago, Illinois. Complainant was advised by Special Agent Harold K. Johnson, Federal Bureau of Investigation, that Apartment 304 at 4750 North Clarendon, Chicago, Illinois, is located on the northwest corner of the building, and that on

■■■■■■■■■

April 8, 13, 20 and 29, 1966, and May 4, 6, and 11, 1966, Johnson personally observed Simon Benjamin Schuster enter and/or leave the aforementioned building. Agent Johnson also informed complainant he saw Morris Kay enter and leave the building on April 29, 1966, and on May 4 and 6, 1966.

Complainant was further advised by Special Agent Gerhard Maisel, Federal Bureau of Investigation, that he had personally checked the records of the Chicago Police Department on December 13, 1965, and determined that Simon Schuster and Morris Kay were arrested by the Chicago Police Department on January 25, 1965, at 4750 North Clarendon, Chicago, Illinois, and charged with gambling. On July 26, 1966, complainant personally observed Simon Schuster open a window in the third-floor apartment on the northwest corner of the building at 4750 North Clarendon, Chicago, Illinois. Complainant also observed Schuster entering and/or leaving 4750 North Clarendon, Chicago, Illinois, on August 25, 30 and 31, 1966, September 1 and 30, 1966, and October 5, 1966.

On August 12, 1966, another informer advised complainant that in the recent past he had placed sports bets with a person known to him as "Slick" at telephone numbers 275–2026 and 275–2079. This informer identified photographs of Morris Kay and Simon Schuster as persons known to him personally as "Klutz" and "Slick," respectively.

On September 30, 1966, the above two unnamed informers advised complainant they had recently placed bets on major league baseball games with "Slick" at telephone numbers 275–2026 and 275–2079. On October 5, 1966, one of the informers in complainants' presence, dialed telephone number 275–2026, asked for "Slick" and thereafter placed a bet on one of the teams participating in the baseball World Series. The complainant swore, in the complaint for a search warrant, that both informers were known to him; that they had in the past

given complainant information on illegal gambling matters which had proved reliable; that both informers furnished the information at separate times; and that neither informer was aware of the identity of the other.

A search warrant was issued and a search was made under the warrant. The two defendants were arrested at Apartment 304, 4750 North Clarendon, Chicago, Illinois, and money and a substantial amount of gambling paraphernalia was seized from them.

After several continuances, a hearing was conducted on May 25, 1967, when defendants presented a motion to quash the search warrant because the complaint did not state facts sufficient to show probable cause for the issuance of the warrant. The trial court sustained the motion on the ground that there was no showing in the complaint for the search warrant of the reliability of the informants, and no probable cause existed for its issuance. The State appealed the order of the trial court pursuant to Supreme Court Rule 604(a), Ill Rev Stats 1967, chapter 110A, section 604(a). The defendant-appellees have not appeared in the Appellate Court and no briefs have been filed in their behalf.

█ We are of the opinion that the State is correct in its position that an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, so long as there is a substantial basis for crediting the hearsay. Jones v. United States, 362 US 257, 4 L Ed 697, 80 S Ct 725 (1960). The essence of the trial court's ruling was that the complaint for a search warrant was based on insufficient hearsay information of the informers, because the affidavit had to first establish the past reliability of the informers by showing that information furnished to the complainant by the informers in the past resulted in arrests and convictions, or indictments, and that the gambling paraphernalia was seized in accordance with People v. McClellan, 34 Ill2d 572, 218 NE2d 97 (1966). In addition, the trial

71

court reasoned that the type of corroboration of the informers' information was insufficient because the placing of a bet over the telephone in the affiant's presence was a conclusion, and because the observance of Kay and Schuster, who were previously arrested at the particular premises for gambling, entering and leaving the apartment was not evidence of any wrong doing, nor was complainant's observation of Schuster's opening of the apartment window a wrongful act. According to the trial court, sufficient corroboration of the informants' information would be the complainant's actual personal observation of the money and betting slips of paper passing between the accused and other persons.

In People v. Williams, 36 Ill2d 505, 224 NE2d 225 (1967), the affidavit of the complainant set forth the personal observations of two informers who had furnished reliable information in the past, and such informers' information was corroborated by the complainant's observation of known gamblers entering the involved premises. The court held that a substantial basis for crediting the hearsay was established and probable cause for the issuance of the warrant was shown. In the Jones case, supra, the facts were similar to those of the case at bar. There, a single informant was known to the affiant, and the affidavit recited such informant had on previous occasions given the affiant information which was "correct." The court held this was a sufficient basis to credit the hearsay and establish probable cause.

Among the principles that are to be used as a guide in determining probable cause for a search warrant as enumerated in United States v. Ventresca, 380 US 102, 13 L Ed2d 684, 85 S Ct 741 (1965), Aguilar v. Texas, 378 US 108, 12 L Ed2d 723, 84 S Ct 1509 (1964), and the Jones case, supra, was the following passage from the Ventresca case:

"Thus hearsay may be the basis for issuance of the warrant 'so long as there [is] a substantial basis

72

for crediting the hearsay.' Jones v. United States, supra, at 272. And, in Aguilar we recognized that 'an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant,' so long as the magistrate is 'informed of some of the underlying circumstances' supporting the affiant's conclusions and his belief that any informant involved 'whose identity need not be disclosed . . . was "credible" or his information "reliable." ' Aguilar v. Texas, supra, at 114. . . . Observations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number."

■ It is our opinion that the establishment of the reliability of informers can be established in various ways and is not restricted to the establishment of the "previous reliability" of an informer's information, as measured by previous arrests and convictions or the like, as suggested by the trial court in the instant case.

■ The facts which were offered in the affidavit for the establishment of the two informers' reliability were sufficient in order for the informers' hearsay information to be the basis for the issuance of the search warrant.

The order of the trial court in quashing the search warrant is reversed and the cause remanded with direction to the trial court to deny the defendant's motion to quash the search warrant.

Reversed and remanded with direction.

MURPHY and BURMAN, JJ., concur.