THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* AARON JORDAIN *et al.,* Defendants-Appellees.

(Nos. 56239-56246 cons.; ▮▮▮▮▮▮▮▮▮▮

First District (2nd Division)—February 6, 1973.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

PER CURIAM:

This is an interlocutory appeal by plaintiff, People of the State of Illinois, from an order entered by the Circuit Court of Cook County quashing a search warrant and suppressing evidence. The search warrant was originally issued to search certain premises for narcotics and narcotics paraphernalia which have been used in or constitute the offense of possession of narcotics. The trial court sustained the defendants' mo-

tion to quash for the reason that the reliability of the informer had not been established since his prior information had not as yet led to any convictions.

The complaint for the search warrant was made by Chicago police officer Earl Armstead before a judge of the circuit court of Cook County. The complainant stated that he had probable cause to believe that narcotics and narcotics paraphernalia could be located at 264 North Kedzie Avenue, Chicago, Illinois, based upon the following facts:

An informer, who had given information in the past which led to three raids and five arrests, all of which cases are pending, with narcotics being found in each case, gave information that narcotics were being sold from the record shop at 264 North Kedzie Avenue. The informer stated that one hour before their meeting he purchased ten "red devils" from "B.B." in the shop and had seen more. The informer stated that he had taken two of the capsules and they were narcotics. Further, the officer observed the shop for one-half hour and observed several known narcotics addicts enter the shop, have a brief conversation with the clerk, walk to the rear of the shop and then exit with no apparent purchase.

We are of the opinion that the State is correct in its position that probable cause for the issuance of the search warrant was established. The essence of the trial court's ruling was that, unless the informer's information has led to at least one conviction, probable cause can never be established. In *People v. Williams*, 36 Ill.2d 505, 224 N.E.2d 225, the affidavit set out the observations of two informers and stated that they had furnished reliable information in the past. The informers were corroborated by the police officer's observation of known gamblers entering the premises in question. The court held this provided a sufficient basis to establish probable cause for the issuance of a search warrant. See also *People v. Chatman*, 38 Ill.2d 265, 230 N.E.2d 879.

In *People v. Kopple*, 105 Ill.App.2d 68, 245 N.E.2d 134, the court reversed a trial court's order quashing a search warrant. There the affidavit stated information was supplied by an informer who in the past had proven reliable. This information was corroborated by the informer placing a bet in the police officer's presence and the officer observing the defendants enter the premises in question. The court held that probable cause was shown, saying, "reliability of informers can be established in various ways and is not restricted to the establishment of the previous reliability of an informer's information, as measured by previous arrests and convictions or the like, as suggested by the trial court in the instant case."

In the case at bar, the affidavit set forth that the informer had given

information on three prior occasions and narcotics were recovered in each case. This established that the informer had in the past furnished reliable information. The complainant's personal observation of known narcotics addcits entering the premises, speaking with a clerk, going to the rear of the store and then exiting with no apparent purchase, further corroborated the informer's information. The informer's information, together with the police officer's observation, was sufficient to establish probable cause for the issuance of a search warrant within the applicable constitutional dictates.

The order of the trial court in quashing the search warrant is reversed and the case is remanded with directions to the trial court to deny the defendant's motion to quash the search warrant.

Reversed and remanded with directions.