THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* LEROY JEFFERSON, Defendant-Appellee.

(Nos. 60197-8 cons.;

First District (5th Division)—December 27, 1974.

446

■■■■■■■■■■■■■■■■

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and William F. Linkul, Assistant State's Attorneys, of counsel), for the People.

No appearance for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

The State, pursuant to Supreme Court Rule 604(a)(1), appeals from an order quashing a search warrant, contending there was a sufficient showing of probable cause for the issuance of the warrant.

The complaint by the police officer for a search warrant describes the location as "6108 S. University Apt. 301 Chicago, Illinois" and the things to be seized as "control substance to-wit; heroin, marijuana, cocaine and any other narcotic paraphernalia." The affidavit of the police officer states as follows:

"I am a Chicago police officer, assigned to the 03rd District Tactical Unit. On 10 January 1974, I received information from a citizen that the above stated narcotics were being sold and used at the above location. I immediately initiated a surveillance of the premises. Between 1100 A.M.-100 P.M. I observed approximately ten male negro persons some of whom I have arrested in the past for narcotic violations enter the building at the above location. I followed several of these persons and observed them go up to the third floor and enter apartment 301. On 11 January

1974 between 1100 A.M.-100 P.M. another surveillance was conducted on the subject premises. I observed four male negro subjects enter the building. I followed them up to the third floor and observed them enter apartment 301. On 12 January 1974 between 900 P.M.-1030 P.M. I positioned myself in the hallway of the third floor where I could observe Apartment 301. At approximately 910 P.M. a male negro knocked on the door and had a conversation with a male negro at which time I observed the subject exchange U.S. currency for a tinfoil packet known to me in my experience as a police officer to be used for the transportation and sale of narcotics. At 930 P.M., I observed another male negro go to apartment 301 and knock on the door at which time I observed the subject exchange U.S. currency for a tinfoil packet. Based on the information, investigation and personal observation, I believe that narcotics are being sold on the said premises."

The warrant was issued, the premises were searched, 174.7 grams of marijuana was seized and defendant was arrested.

At the hearing on the motion to quash and suppress, the only witness was the affiant police officer, who testified that he had a telephone call from a person he did not know and had never talked to before. He then placed the subject building under surveillance for a period of 3 days. During the first two days he observed a number of individuals, known to him to be narcotics users, entering the building. He followed several and observed that they entered apartment 301 on the third floor. On the third day, he positioned himself in the hallway across from apartment 301 and observed a couple of men exchange currency for a tinfoil packet with someone in the apartment. He admitted not having seen the person who gave the tinfoil packet and not having heard any of the conversation involved in the exchange at apartment 301.

OPINION

The sole question on appeal concerns the sufficiency of the showing of probable cause for the issuance of the warrant. Initially, we see that defendant has not filed a brief in this court, and although we may reverse *pro forma* (*People v. Keeney*, 96 Ill.App.2d 323, 238 N.E.2d 614), we believe that the facts here merit consideration of this appeal.

■■ The issuance of search warrants is governed by section 108—3 of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 108—3), which provides in pertinent part:

"Upon the written complaint of any person under oath or affirmation which states facts sufficient to show probable cause and which

> particularly describes the place or person, or both, to be searched and the things to be seized, any judge may issue a search warrant
>
> \* \* \* "

Probable cause exists where facts and circumstances within the knowledge of affiant are sufficient in themselves to warrant a person of reasonable caution to believe that the law is being violated and that evidence is on the premises to be searched. *People v. George,* 49 Ill.2d 372, 274 N.E.2d 26.

■■ In the instant case, the affiant police officer did not witness the sale or use of any narcotics. His information came from the informer and, as it was set forth in his affidavit, it was hearsay which, standing alone, would have been insufficient to establish probable cause. (*Aguilar v. Texas,* 378 U.S. 108, 12 L.Ed.2d 723, 84 S.Ct. 1509.) However, it appears to be well-settled following the decisions in *Jones v. United States,* 362 U.S. 257, 4 L.Ed.2d 697, 80 S.Ct. 725, and *Aguilar* that an affidavit based on the observations of one other than the affiant could be sufficient to establish probable cause where a substantial basis for crediting the hearsay is presented. See *People v. Francisco,* 44 Ill.2d 373, 255 N.E.2d 413.

■■ Such basis for crediting hearsay may be presented in various ways and is not restricted to a showing of the previous reliability of an informer as measured by prior arrests and convictions or the like. (*People v. Kopple,* 105 Ill.App.2d 68, 73, 245 N.E.2d 134. See also *People v. Marro,* 4 Ill.App.3d 197, 280 N.E.2d 560.) Where the showing of prior reliability of an informer is inadequate, other averments corroborative of the hearsay may be considered to determine whether probable cause exists. *Spinelli v. United States,* 393 U.S. 410, 21 L.Ed.2d 637, 89 S.Ct. 584.

Parenthetically, we note that it would be incongruous to hold that an informer's information would be sufficient to establish probable cause only where prior reliability was shown. Just as there must be a first for everything in life, so must there be a first time for an informer to give information. The prior reliability of a first informer could never be established by the productive result of prior knowledge received and might not, in the case of a repeating informer, unless corroborative information could be considered.

In the instant case reliability was not and could not be shown, because the police officer did not know and had never spoken to the informer before his telephone call. Thus, we are concerned with the question of whether the content of the officer's affidavit was sufficiently corroborative to constitute a substantial basis for crediting the hearsay of the informer. In his affidavit, the police officer states that after receiving the informer's call he conducted a 3-day surveillance of the subject building, during

which he observed a number of persons he had previously arrested for narcotics violations enter the building. He followed several of them and saw them entering apartment 301 in the building. He also viewed two persons separately knock on the door of apartment 301, hold a conversation with the occupant therein, and exchange currency for a tinfoil packet, which he knew from his experience as a police officer was used in the transport and sale of narcotics.

It is well-settled that affidavits for search warrants must be tested and interpreted in a commonsense and realistic fashion (*People v. McGrain,* 38 Ill.2d 189, 230 N.E.2d 699), and it is not required that there be a showing of guilt beyond a reasonable doubt. *People v. Fiorito,* 19 Ill.2d 246, 166 N.E.2d 606.

■■ We have considered the content of the affidavit here in the light of the principles of law set forth above, and we conclude that the personal observations of the police officer during his surveillance are corroborative of and are adequate basis for crediting the hearsay information from the informer. See *People v. Williams,* 36 Ill.2d 505, 508, 224 N.E.2d 225.

For the reasons stated, we are of the opinion that there was a sufficient showing of probable cause for the issuance of the search warrant here, and we reverse the judgment of the trial court and remand this cause with directions to deny defendant's motion to quash the search warrant.

Reversed and remanded with directions.

DRUCKER and LORENZ, JJ., concur.