THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
EDWARD HORTON, Defendant-Appellee.

Fourth District   No. 15228

Opinion filed July 20, 1979.

C. Joseph Cavanagh, State's Attorney, of Springfield (Marc D. Towler and
Jane F. Bularzik, both of State's Attorneys Appellate Service Commission, of
counsel), for the People.

John Casey, of Springfield, for appellee.

Mr. PRESIDING JUSTICE REARDON delivered the opinion of the
court:

The defendant, Edward Horton, having been charged with unlawful
possession of a controlled substance (Ill. Rev. Stat. 1977, ch. 56½, par.
1402(b)) filed a motion to suppress evidence seized pursuant to the
execution of a search warrant. The trial court granted the motion and the
State appealed.

The trial court determined that probable cause for the issuance of the
search warrant was lacking since the affidavit accompanying the
complaint for the warrant failed to set forth the underlying circumstances
from which the issuing judge could conclude the affiant's informant was
reliable. We agree with that finding and, therefore, affirm.

The affidavit of the complainant Police Officer Daniel Kent stated *inter alia*:

> "Approximately two weeks ago your affiant met a confidential source who desires to remain anonymous. Said confidential source has previously been convicted of Theft Under $150 and has three pending charges for sale of heroin. Said confidential source in the past two weeks furnished information to your affiant which has led to two cases wherein arrests are pending."

The affidavit further recited that on the morning of June 15, 1978, the day on which the complaint was presented, the affiant met with his informant, searched him and gave him $50 in cash. He allegedly observed the informant enter the residence to be searched which was kept under surveillance. The informant, who within one hour returned with $10 and appeared to Officer Kent to be under the influence of heroin, claimed that he purchased a quantity of heroin from defendant for $40 and at his insistence ingested it prior to leaving the residence. The affidavit further relates that the informant claimed to have observed an additional quantity of heroin in defendant's bedroom.

The State, in the course of oral argument, conceded that the facts of the instant case are not identical with the facts in *People v. Thomas* (1975), 62 Ill. 2d 375, 342 N.E.2d 383. It is acknowledged that a greater factual basis concerning the informant's *prior* reliability was set forth by the complainant in *Thomas*. There it was alleged not merely that arrests were pending as a result of the informant's previous tips, but also that the information led to the actual purchase of drugs which were the basis for the pending arrests. Thus, the court concluded that a fair reading of the affidavit indicated that the informant had supplied accurate information and that *arrests were imminent*.

In the instant case, there is absolutely no indication of the nature of the information supplied nor what, if any, action was taken thereon. Here, unlike *Thomas* (where it was indicated that actual drug purchases resulted from the informer's tips) we are left to speculate whether the information given was verified or otherwise proved to be accurate. Thus, there is lacking in this case the sense of imminence concerning the pending arrests which was present in *Thomas*. In addition, in *Thomas* the complainant swore that he believed the informer to be trustworthy. Although certainly conclusionary, we believe the absence of a similar assertion by Officer Kent to be of some significance. Because of the ambiguity of the informer's information and the consequent doubt concerning the imminence of the arrests, the affiant could have made the affidavit here although having every reason to believe that the informer was totally unreliable. The State maintains, however, that the affidavit sufficiently set forth the informant's credibility, in the form of his

declarations against penal interest and the affiant's partial, but independent, corroboration of the informer's accusations. In support of the former argument, the State relies on the informer's admissions to Officer Kent that he had been "supplied" with narcotics by the defendant within the past year. In *United States v. Harris* (1971), 403 U.S. 573, 29 L. Ed. 2d 723, 91 S. Ct. 2075, the court concluded that an informant's credibility could be bolstered where his accusations contained statements against his penal interest. The court reasoned that people do not lightly admit a crime and, thus, "[a]dmissions of crime * * * carry their own indicia of credibility * * *." 403 U.S. 573, 583, 29 L. Ed. 2d 723, 734, 91 S. Ct. 2075, 2082.

The court's reasoning, however, is necessarily relative and must be viewed in the light of the individual informer. Common sense tells us that some persons, because of their background and reputation, would be less hesitant to admit a crime than other citizens of more cautious sensibilities. Reliance on the declaration against interest rationale should not be applied automatically. Rather the effect of such statements should be measured in the light of the astuteness that informers frequently possess and with a realization of the *quid pro quo* relationship which often exists, out of necessity, between the police and informants. Here, the informer had been convicted of misdemeanor theft and had three charges for sale of heroin pending against him. From the perspective of this informant's background, his accusations, although self-incriminatory, could be equally indicative of a self-serving motive. In addition, the informant's statements were only vaguely against his penal interest since it is questionable whether they could have established any *present* criminal liability. (The informant's admission of past receipt of drugs would not establish either the crime of possession or delivery. (See Ill. Rev. Stat. 1977, ch. 56½, pars. 1401-02; *People v. Pelton* (1975), 27 Ill. App. 3d 781, 327 N.E.2d 360.) Any additional credence given the informant's accusations on the basis of these alleged declarations against interest would be negligible. See generally LaFave, *Probable Cause from Informants: The Effects of Murphy's Law on Fourth Amendment Adjudication*, 1977 U. Ill. L.F. 1, 23-35 (1977); see also *Harris* (Harlan, J., dissenting).

▪ Lastly, we agree with the State that an affiant's personal observations, if corroborative of portions of the informer's accusations, may provide an adequate basis for crediting the hearsay information contained within an affidavit. (*People v. Jefferson* (1974), 25 Ill. App. 3d 445, 323 N.E.2d 495.) Officer Kent's attempts to verify his source's accusations, however, are inconclusive. We are informed only that the subject was searched, given $50, and observed entering defendant's residence which was kept under surveillance. That the informant allegedly returned with $10, claiming

that he had purchased $40 worth of heroin and had observed an additional quantity still in the residence, however, merely serves as some proof of the other prong of the *Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509, test regarding affidavits (*i.e.*, the underlying circumstances from which the informant concluded that the contraband was in the place to be searched). Those observations, however, do not in any real sense give us a basis for concluding that the informant should be believed. Certainly, if the informant had returned with some direct proof of this alleged purchase the credibility of his accusations would have been increased substantially. (See, *e.g.*, *People v. Collins* (1977), 45 Ill. App. 3d 544, 359 N.E.2d 1147.) Officer Kent's ability to diagnose the cause of the informant's condition is unsupported in the proof and for us to presume such ability would be unjustified and speculative. The surveillance and the attempts to corroborate the informant's allegations were insufficient to apprise the issuing judge of the underlying circumstances from which the affiant concluded that his source was reliable. (*Aguilar*; see also *Spinelli v. United States* (1969), 393 U.S. 410, 415-16, 21 L. Ed. 2d 637, 643, 89 S. Ct. 584.) Accordingly, the judgment of the circuit court quashing the warrant and suppressing the evidence seized pursuant thereto is affirmed.

Affirmed.

CRAVEN and GREEN, JJ., concur.