(No. 42180.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ARTHUR FRANCISCO, Appellant.

*Opinion filed January 28, 1970.*

GETER & GETER, of Chicago, (HOWARD D. GETER, SR. and HOWARD D. GETER, JR., of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRA,HAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JOHN R. McCLORY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

The appellant, Arthur Francisco, having been convicted of the crime of gambling in the circuit court of Cook County, was placed on probation for two years and fined $90. Before trial he had moved to quash a search warrant which had authorized the search of his person and his auto, and to suppress certain evidence seized under the warrant. The motion claimed that the complaint upon which the search warrant was based did not set forth facts sufficient to show probable cause for issuance of the warrant. The trial court denied the motion and the appellant at trial was found guilty. His appeal to this court contends that his constitutional rights were violated by the circuit court's denial of his motion.

It is argued that the warrant was improperly issued in that the complaint upon which the warrant was based does not set forth any facts which would enable a magistrate to find probable cause to issue a warrant. The complaint for the search warrant stated: "* * * I, Officer Robert Davis assigned to the Gambling Unit VCD, Ch'go Police Dept., on Monday 5 August 1968, had a conversation with a reliable person whom I've known for more than two years and during that time he has given me information relative to Race Horse betting five times which resulted in five Raids from which there was two convictions. Two cases are now pending in Court Br. 27 and one case suppressed due to no Search Warrant for the premises but the information was true. This person told me that on the afternoon of the 5 August 1968 at about 3:00 P.M. a friend he was riding with stopped his car on Brandon Ave. near 92nd St. and a male Mexican alighted from a 1964 beige Olds, Ill. 1968 Lic. No. LW 4063 and got into the rear seat of his friend's vehicle and his friend made three bets on the Races and the M/M [male Mexican] returned to his vehicle. On 6th & 7th August from 1:00 P.M. to 3:00 P.M., I maintained a surveillance on the above described vehicle and the M/M occupant and during that time I observed more than ten males

either enter his vehicle or if they drove up he would get into their vehicle. Most of the men came from the Tavern located at 3201 E. 92nd St. On 8th August 1968 at 2:30 P.M. as I watched two males get into the Oldsmobile with the occupant, I walked past the vehicle and observed the M/Mexican writing on a small pad and the two fellows that got into the car were passing him money. Based on the above information and observation and my experience, I believe that the above male is booking Race Horses in his Auto and that betting records are to be found. A check with the Secretary of State's Office reveals that the above vehicle is listed to Arthur Francisco who resides at 10358 Ave. G, Ch'go, Ill."

It is the appellant's position that as the affiant police officer did not personally observe any violation of the law the only basis for the finding of probable cause was the hearsay evidence of the informer, which, it is argued, was insufficient.

Hearsay evidence alone can be a sufficient basis to establish probable cause, so long as there is a substantial basis for crediting the hearsay. (See *United States* v. *Ventresca,* 380 U.S. 102, 13 L. Ed. 2d 684, 85 S. Ct. 741; *Jones* v. *United States,* 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725; *People* v. *McGrain,* 38 Ill.2d 189; *People* v. *York,* 29 Ill.2d 68; *People* v. *Williams,* 27 Ill.2d 542, and *People* v. *Jackson,* 22 Ill.2d 382.) The informant here was personally known by the affiant for more than two years and had given the affiant information on five previous occasions which proved to have been correct. The affidavit recited that the informant had told the affiant: "On the afternoon of the 5 August 1968 at about 3:00 P.M. a friend he [the informant] was riding with stopped his car on Brandon Ave. near 92nd St. and a male Mexican alighted from a 1964 beige Olds, Ill. 1968 Lic. No. LW 4063 and got into the rear seat of his friend's vehicle and his friend made three bets on the Races and the M/M returned to his vehicle." Too, the af-

fidavit described a surveillance of the vehicle and the occupant, made by the affiant on August 6, 7 and 8, and his having personally observed a number of men entering and leaving the appellant's vehicle during his surveillance. On the occasion of August 8 the affiant observed two men give the occupant of the Olds money and the occupant write on a small pad of paper. The automobile was registered in the appellant's name and when the warrant was executed the appellant was occupying the auto and had records of horse bets in his possession.

Probable cause means simply that the facts and circumstances within the knowledge of the affiant, and of which he had reasonably trustworthy information, were sufficient in themselves to warrant a man of reasonable caution to believe that the law was being violated and that evidence of it was in the premises or vehicle or on the person to be searched. (See *United States* v. *Clancy* (7th cir.), 276 F.2d 617, 628; *People* v. *Fiorito,* 19 Ill.2d 246, 257.) There need not be a showing of guilt beyond a reasonable doubt in order to establish probable cause. *People* v. *York,* 29 Ill.2d 68, 70.

We consider the complaint here set forth facts clearly sufficient to establish probable cause for the issuance of a warrant. We therefore affirm the judgment of the circuit court of Cook County.

*Judgment affirmed.*