THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES C. JOHNSON, Defendant-Appellant.

(No. 56578;

First District—May 5, 1972.

*Rehearing denied June 1, 1972.*

Howard T. Savage, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Nicholas A. DeJohn, Graduate Law Student, of counsel,) for the People.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

## OFFENSES CHARGED

Keeping a gambling place. Ill. Rev. Stat. 1967, ch. 38, par. 28—3. Gambling. Ill. Rev. Stat. 1967, ch. 38, par. 28—1(a-8).*

## JUDGMENT

After a bench trial, defendant was found guilty of both offenses. He was admitted to probation for a period of five years and fined $400.

## CONTENTION RAISED ON APPEAL

The Complaint for Search Warrant did not establish probable cause for the issuance of such warrant.

## OPINION

The Complaint for Search Warrant presented to the court on February 28, 1969, alleges the following facts: Detective Parks, a police officer in the Intelligence Division of the Chicago Police Department, was assigned to conduct an investigation relating to the offense of gambling, and, in particular, policy lottery activity. On February 26, 1969, at 1:30 P.M., he observed defendant leave the basement portion of 2126 W. Washburn and enter a 1966 Cadillac. The detective followed defendant's car to each of three different buildings. At each building, defendant entered the vestibule, deposited a small packet of Printed Policy Result Tickets, and left the building to drive to the next location.

At 1:30 P.M. on February 27, 1969, the detective again saw defendant leave the apartment at 2126 Washburn. At that time, defendant placed in his pocket a packet of paper which the detective recognized as being Printed Policy Result Tickets. The officer then followed defendant to the same three buildings he had visited the day before. Defendant was again observed as he entered the vestibules, remained a few minutes, and then left. At one of the three buildings, defendant took a small packet of printed Policy Result Tickets from his coat pocket and deposited them on the floor outside the door of the first-floor apartment. After defendant left the building, the detective took one of the tickets from the packet and identified it as a Result Ticket for the "Vermont-Elevator-Uptown Policy Wheel."

---

* A separate charge of Gambling (Ill. Rev. Stat. 1967, ch. 38, par. 28—1(a-9) and a charge of Syndicated gambling (Ill. Rev. Stat. 1967, ch. 38, par. 28—1.1(c) were dismissed prior to trial.

Based on personal experience, Detective Parks recognized defendant's actions as normal procedure for Policy Gambling. He then checked the records of the Intelligence Division and Inquiry Section of the Chicago Police Department and found that defendant was listed as a policy wheel operator with an extensive arrest record for policy gambling offenses.

A search warrant was issued based on said complaint, and acting pursuant thereto, Officer Parks went to the basement apartment at 2126 Washburn, conducted a search of the apartment, and seized some evidence relating to policy lottery gambling.

Prior to trial, a hearing was held on defendant's motion to Suppress Evidence and Quash Search Warrant. Defendant testified that the officer gained entry to his apartment by forcing open the door without having knocked first. He related that the officer showed him his badge but that he did not show him a search warrant until the officer left the apartment. Officer Parks testified that he arrived at defendant's apartment with a search warrant in his possession, knocked loudly on the door a couple of times, and, after hearing footsteps inside, forced his way into the apartment. The court denied defendant's motion and proceeded to find defendant guilty of the two offenses charged. Defendant appeals from those convictions.

Defendant's only contention on appeal is that the Search Warrant was issued without probable cause and that the introduction into evidence of the property seized thereunder was a violation of defendant's constitutional rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and Article II, Sections 6 and 10 of the Illinois Constitution of 1870.

Defendant asserts that the complaint upon which the Search Warrant was issued does not contain any statements which would warrant a finding that there was probable cause to believe that policy lottery paraphernalia was concealed in the basement apartment for which the Search Warrant was issued. The basement apartment was mentioned only twice in the affidavit, once when defendant was observed leaving such apartment on February 26, and again when he left the premises on February 27. Defendant contends that his action in leaving his apartment and in entering his car is an act of innocence rather than of guilt (*Spinelli v. United States*, 393 U.S. 410, 414, 89 S.Ct. 584, 588), and that it is unreasonable to assume that the packet of paper which he put in his coat pocket upon leaving his apartment was a packet of policy tickets (*People v. Martin*, 124 Ill.App.2d 70, 260 N.E.2d 364).

■■ An affidavit establishes probable cause when it states facts (within affiant's knowledge or of which he has trustworthy information) which would justify a man of reasonable caution to believe that a crime has

been or is being committed and that the evidence thereof is on the person or premises to be searched. *People v. Francisco,* 44 Ill.2d 373, 376, 255 N.E.2d 413, 415; *People v. Peavy,* 1 Ill.App.3d 478, 481, 274 N.E.2d 892, 894.

■■ We conclude that in the instant case, the detective's affidavit adequately met all the necessary requirements, and the warrant authorizing a search of defendant's premises was therefore proper.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

LORENZ, P. J., and DRUCKER, J., concur.