THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOSEPH VOLTURO *et al.*, Defendants-Appellees.

(No. 56407;

First District—October 27, 1972.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel,) for the People.

Jack G. Stein, of Chicago, for appellees.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

This is an appeal by the State pursuant to Supreme Court Rule 604(a)* of the trial court's order quashing a search warrant and suppressing evidence seized thereunder. This appeal includes the following cases with their circuit court numbers which were consolidated for hearing in the trial court:

| | |
|---|---|
| Joseph Volturo | 70 MC1 743627 |
| Joseph Volturo | 70 MC1 743628 |
| Robert Rosenstock | 70 MC1 743629 |
| William Poulos | 70 MC1 743630 |
| William Dobry | 70 MC1 743631 |
| John L. Strzelecki | 70 MC1 743632 |
| George Laurie | 70 MC1 743633 |
| Joseph Libby | 70 MC1 743634 |
| Leo Kromberg | 70 MC1 743635 |
| Albert Ralfalson | 70 MC1 743636 |
| Nicholas Gallo | 70 MC1 743637 |
| Peter Cappelletti | 70 MC1 743638 |
| Junius Brown | 70 MC1 743639 |
| George Mathes | 70 MC1 743640 |
| Molly Shaewitz | 70 MC1 743641 |
| Jean Cazanov | 70 MC1 743642 |
| Peter Adrahtas | 70 MC1 744239 |

The State contends that (1) the affidavit submitted in support of the warrant contained sufficient information to establish the reliability of the informant; and (2) the affidavit set forth sufficient, independent data to corroborate the information supplied by the informant.

No brief has been filed on behalf of the defendants.

On November 20, 1970, John P. Stanitz, an agent of the Illinois Bureau of Investigation, submitted a four page affidavit in support of his complaint for a search warrant to search certain rooms on the first floor of

---

* Ill. Rev. Stat. 1969, ch. 110A, par. 604 (a).

306 South Halsted Street for the purpose of seizing various articles of gambling equipment.

The affidavit stated that he had received information from an informant who "* * * has furnished reliable information to me and also to the Federal Bureau of Investigation in Chicago * * *." The informer had told Stanitz that he had attended and sometimes participated in poker games held at the Halsted Street address on several occasions between July and November of 1970.

The affidavit specified that the person in charge of the "operation" was Joseph Volturo or in his absence Anthony Verdone. The dealer was also named. The games, according to the informant, were held in the evening, every Wednesday, Friday, Saturday and Sunday, and that in order to be admitted a "lookout" had to recognize the person seeking entry.

The affidavit described how one gets from an outer room to the room where the games actually were held. It also contained a description of the room where the games were held.

The affidavit also described how the bank for the game was operated. Small cards of different sizes were bought from Volturo and used as scrip. Volturo was also observed by the informant keeping records of names and amounts of money. The "house" was said to take a "cut" from every "pot."

In support of the informant's reliability the affiant stated:

> "This informer has been known to the Federal Bureau of Investigation in Chicago for more than two years and has furnished that organization information that has been the basis for the issuance of search warrants and corroboration of information in other search warrants in cases involving the violation of gambling laws of the State of Illinois. In these instances the informer's information proved to be correct. As a result of the informer's information which was furnished to the Federal Bureau of Investigation, four gambling raids have been conducted, at least eighteen individuals have been arrested and at least four individuals have been convicted on gambling charges. One of these cases is presently pending in court. The informer has furnished me reliable information on at least two other occasions. One location was raided by another local law enforcement agency and the case is presently pending in court. The other location was raided by agents of the Illinois Bureau of Investigation and resulted in eleven gambling arrests. This case is also presently pending in court."

In addition to the information supplied by the informer, the affiant also listed the results of his own investigation. He stated that on July 29,

1970; August 1, 7, 8, 12, 14, 15, 26, 28; September 25, 26; October 30; and November 14, 15, 18, he and other agents of the Illinois Bureau of Investigation had maintained a surveillance of the Halsted Street address during the evening and early morning hours. The above dates were Wednesdays, Fridays, Saturdays and Sundays—the days on which the informer claimed the games took place. The complainant and his co-agents had observed Volturo entering or leaving the Halsted Street address on all but four of the above dates. The alleged dealer, Peter Cappelletti, was seen entering or leaving on all but six of the fifteen dates above. In addition, the affiant or his co-agents had also observed John Montana, Anthony Verdone and George Laurie enter the storefront on "several" occasions during the surveillance. The affiant then goes on to state the police identification numbers of each of the men and a brief description of their records. Over a period of several years each of the men had been arrested for gambling, and two had been convicted.

The warrant was issued, and pursuant to the search fourteen defendants were arrested and charged with gambling on the premises operated by Volturo. Volturo was also charged with keeping a gambling house.

The defense counsel, representing all of the defendants, filed a motion to quash the warrant and suppress the evidence. At the hearing on the motion the defense counsel argued that the affidavit failed to establish the reliability of the informant and that there was no independent corroboration of the information supplied by the informant.

■■ We find that the reliability of the informer was established since he had supplied the FBI with information that had resulted in numerous arrests and at least four convictions and had also supplied the affiant with information which had resulted in numerous arrests by the IBI and another local law enforcement agency. See *People v. Portis*, 4 Ill.App.3d 333, 280 N.E.2d 712.

■■ Corroboration is not essential to establish probable cause. (*People v. Williams*, 36 Ill.2d 505, 508, 224 N.E.2d 225, *U.S. cert.* denied (1967) 389 U.S. 828.) However, in the instant case affiant's statements as to surveillance on fifteen different days over a three month period and his observations of known gamblers frequenting the premises did corroborate the informer's account. *People v. Williams, supra.*

The order quashing the warrant is reversed and the cause remanded for further proceedings.

Reversed and remanded.

LORENZ, P. J., and ENGLISH, J., concur.