THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SHERWIN LEE DAVENPORT, a/k/a DAVE DAVENPORT, Defendant-Appellant.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VICKIE OWENS, a/k/a VICKIE GLASS, Defendant-Appellant.

(Nos. 72-298-9 cons.;

Fifth District—May 7, 1974.

Robert E. Farrell, Deputy Defender, and Robert E. Davison, Legal Director, both of Mt. Vernon, for appellants.

Robert J. Neely, State's Attorney, of Metropolis, and Ralph J. Mendelsohn, of Illinois Model State's Attorneys Support Unit, of Cairo, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant Sherwin Lee Davenport was charged with the offenses of unlawful possession of a hypodermic syringe, hypodermic needles, cannabis, and a controlled substance. The State elected to proceed on the offense of unlawful possession of a controlled substance as a misdemeanor, and, following a bench trial in the Circuit Court, of Massac County, the defendant was found guilty and sentenced to 1 year probation with the first 90 days at the Illinois State Farm.

Defendant Vickie Owens was charged with three counts of unlawful possession of a controlled substance. The State elected to proceed on Count I of the indictment as a misdemeanor. At a bench trial in the Circuit Court of Massac County the defendant was found guilty and sentenced to 1-year probation. Defendant's motion for a new trial was denied. On the State's motion Counts II and III were dismissed. Defendants Davenport and Owens have appealed their guilty verdicts and the cases have been consolidated for opinion.

On November 3, 1971, a complaint for search and warrant was presented to a judge in Massac County and a search warrant was issued. The complaint for search warrant stated the following:

## "COMPLAINT FOR SEARCH WARRANT

Oscar Mizell, Jr. complainant now appears before the undersigned judge of the Circuit Court of said County and requests the issuance of a search warrant to search (the person of Dave Davenport, Jane Doe and Richard Roe and) single family one story frame house at 1111 East 6th Street, Metropolis, Illinois, and seize the following instruments, articles and things which have been used in the commission of, or which constitute evidence of, the offense of Delivery of or possession with the intent to deliver Cannabis and possession of Cannabis, to wit: Cannabis (Marijuana), Cigarette papers or pipes used in smoking such substance.

Complainant says that he has probable cause to believe, based upon the following facts, that the above listed things to be seized are now located upon the (Person and) premises set forth above: A private citizen and neighbor, a reliable and reputable person, has seen Dave Davenport receiving a large bag of a substance suspected to be Cannabis (Marijuana) at said premises and thereafter dispensing said substance to a large number of persons entering said house surreptitiously during the hours of darkness; that such activity has extended over two consecutive days; that most of the persons entering and leaving the said premises do so via the back door after parking their vehicles some distance from the said premises and reaching and leaving said premises by crossing adjoining private property; that the said traffic into and out of said premises on the second day was watched by Deputy Virgil Nelson."

Based upon the above complaint, the following search warrant was issued:

## "SEARCH WARRANT

TO ALL PEACE OFFICERS OF THE STATE OF ILLINOIS:

ON THIS DAY Oscar Mizell, Jr., Complainant, has subscribed and sworn to a complaint for search warrant before me. Upon examination of the complaint I find that it states facts sufficient to show probable cause and I herefore command that (the person of Dave Davenport, Jane Doe and Richard Roe and) single family one story frame house at 1111 East 6th Street, Metropolis, Illinois, be searched and the following instrument, articles and things which have been used in the commission of, or which constitute evidence of, the offense of Delivery of or possession with intent to deliver Cannabis and Possession of Cannabis be seized therefrom:

Cannabis (Marijuana), cigarette papers or pipes used in smoking such substance."

Pursuant to the warrant, police entered the home of defendant Davenport. Defendant Davenport was present at his home and defendant Owens was also at Davenport's home. There were others present also when the police entered. The police searched the premises and the purse of defendant Owens and confiscated various items which led to their arrest for the above mentioned crimes.

The primary thrust of defendants' appeal concerns the sufficiency of the complaint for the search warrant to establish probable cause. Prior to the trial defendants tried unsuccessfully to quash the search warrant. ■■ In *McCray v. State of Illinois* (1967), 386 U.S. 300, 18 L.Ed.2d 62, 87 S.Ct. 1056, the Supreme Court held that the identity of an informer in a narcotics case need not be disclosed upon a motion to suppress if· the arresting officers testify to circumstances that justified them in believing him to be reliable. In the case before us the identity of the informant is not revealed so it is necessary for the complaint to state why the law enforcement officers believed the informant to be reliable. ■■ In *Aguilar v. Texas* (1964), 378 U.S. 108, 12 L.Ed.2d 723, 84 S.Ct. 1509, the Supreme Court held that in order for a complaint for search warrant, based upon the observations of a person other than the affiant, to be sufficient to establish probable cause:

> "* * * [issuing] magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant * * * was 'credible' or his information 'reliable.'" 378 U.S. at 114.

In *People v. Parker* (1969), 42 Ill.2d 42, 245 N.E.2d 487, our Supreme Court struck down a search warrant because the complaint failed to present sufficient factual allegations for the issuing judge to make an independent determination of the reliability of the informer:

> "Their [the complaint for search warrants] sole allegation relating to the reliability of the informer is the general averment that he had 'previous given information to said complainant which proved to be true.' They do not reveal the character of this prior information or whether it led to arrests or convictions. Nor do they allege that the present information had been independently corroborated by the affiant or any other officers, other than the proof that the substances handed over were marijuana. Absent such factual allegations, or other grounds from which an issuing magistrate could reasonably credit the informer's accusation, the affi-

davits are defective and the warrants cannot stand." 42 Ill.2d at 44, 245 N.E.2d at 489.

In the case at bar the complaint for the warrant stated that the informer was "A private citizen and neighbor, a reliable and reputable person * * *." Nothing is said why the affiant believed that the informer was a credible person. The complaint in this case did not even contain as much as the complaint in the *Parker* case where there it was alleged that the informer had given information previously which proved to be true and the court held that that was not sufficient to sustain the warrant.

■■ The complaint in this case does not satisfy the other test of *Aguilar* in that although the informant may be credible, there must be a basis for believing that his information came from a reliable source or that the conclusion he reaches, from the circumstantial evidence he has, is justified. The complaint here states that the informant had seen Davenport receiving a large bag of a substance *suspected* to be Cannabis and dispensing said substance to others during the hours of darkness. The fact that the informer "suspected" the substance to be Cannabis is not sufficient because it is not revealed how he reached his conclusion. Thus it has not been shown that the person giving the information has a basis for his knowledge that the substance is Cannabis. *U.S. v. Ventresca* (1965), 380 U.S. 102, 13 L.Ed.2d 684, 85 S.Ct. 741.

We hold that the complaint for the search warrant in the case before us failed to meet either of the tests of *Aguilar v. Texas, supra.* The failure to quash the warrant and to surpress the evidence discovered pursuant to said warrant constituted reversible error. We therefore reverse the decision of the Circuit Court of Massac County and remand it with instructions to grant defendants' motion to quash the warrant and suppress the evidence acquired pursuant to said warrant.

Reversed and remanded.

G. MORAN, P. J., and CARTER, J., concur.