THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ARLANDA CHARLES MCCLENDON, Defendant-Appellant.

(No. 11762;

Fourth District—May 27, 1974.

Larry P. Cramer, of Urbana, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Robert James Steigman, Assistant State's Attorney, and Dave Edwards, Senior Law Student, of counsel), for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The defendant was found guilty by a jury of armed robbery of a service station attendant and sentenced for a term of 5 to 15 years. His appeal from that verdict, judgment and sentence questions the sufficiency of the complaint for a search warrant which produced some of the evidence used against him in his trial. We conclude that there was probable cause for the issuance of the warrant and the search of the 1966 Ford automobile for a "sawed-off shotgun, US currency, a green beret or tam, a black jacket or shirt (man's), pieces of wood from the stock of a shotgun, and any blood-stained articles not hereinabove mentioned."

The affidavit for the search warrant states that the victim called the police department on September 15, 1971, stating that an unidentified individual, carrying a double-barreled shotgun, forced him to lie face down on the floor while he took money from the cash register and that the robber then hit the victim in the back of the head with the butt of the gun and fled. The victim was taken to the hospital and kept there for observation. On the same day, the victim gave the affiant and other members of the police department a physical description of the individual who robbed and hit him with a shotgun, including a description of his clothing and person, and from 40-45 photographs identified a photograph of Robert A. Harris as the individual who robbed and struck him. Affiant then relayed information concerning the offense and the physical description to all local police agencies. One Robert A. Harris had been picked up on a curfew charge and his description appeared to be identical to that given to the police officer by the victim. Harris confessed to the police that he committed the robbery and implicated the defendant and another as his accomplices. Harris stated that after the robbery he changed clothes, and left the clothes he wore during the robbery, as well as the shotgun used in the robbery, in a white 1963 Dodge. That

Dodge was being driven by one of the other defendants at the time of his arrest by police. The defendant and that other defendant were frequently seen in a 1966 Ford sedan and had been seen in it the night before. The officers began a search for that Ford and found it parked on a street in Urbana. In the front seat in plain view were a dark green tam or beret, a black jacket or shirt, and what appeared to be slivers of wood and on the trunk of said vehicle were seen prints as though the trunk had recently been opened. These facts were set out in the affidavit for the search warrant.

■■ There seems to be little doubt but that Harris committed this robbery, that the defendant and another were with him, that the police were given a description by Harris of the clothes that he wore and the clothes he had changed and left with the other defendants in the 1963 Dodge, that the 1963 Dodge was being driven by another defendant at the time of his arrest, and that the 1966 Ford was frequently used by the defendant and his companion. When the 1966 Ford was found, it is clear from the complaint for warrant that the clothes which Harris had described and a shotgun which he had described were in plain view in the Ford. In *People v. Francisco,* 44 Ill.2d 373, 376, 255 N.E.2d 413, our supreme court stated:

> "Probable cause means simply that the facts and circumstances within the knowledge of the affiant, and of which he had reasonably trustworthy information, were sufficient in themselves to warrant a man of reasonable caution to believe that the law was being violated and that evidence of it was in the premises or vehicle or on the person to be searched."

The guiding principle in determining probable cause is common sense. (*People v. Johnson,* 84 Ill.App.2d 143, 228 N.E.2d 457.) Affidavits for search warrants should be interpreted in a realistic manner. (*People v. Peavy,* 1 Ill.App.3d 478, 274 N.E.2d 892.) Within the meaning of the rule above stated, affidavits for the issuance of a search warrant should be construed in a realistic manner and not in a highly technical, legalistic manner. (*United States v. Ventresca,* 380 U.S. 102, 13 L.Ed.2d 684, 85 S.Ct.741.) We deem it pure sophistry to argue that the affidavits for the search warrant in this case do not meet such requirements. It was adequate to indicate probable cause for the issuance of a warrant for the search of the 1966 Ford.

■■ Following submission of this case, defendant filed a motion for summary reversal based on our decision in *People v. Ellis,* 10 Ill.App.3d 216, 293 N.E.2d 189. Our supreme court reversed and remanded that case and held that our Juvenile Court Act (Ill. Rev. Stat. 1971, ch. 37, par.

702—7(1)) did not apply to a male over 17 years of age. (No. 45745, January Term, 1974.) (See also *People v. Seets*, No. 45950, March Term, 1974.) The defendant was born October 10, 1953. The crimes for which he was sentenced occurred on September 15, 1971, when he was more than 17 years of age. Accordingly, the motion for summary judgment is denied.

The judgment of the circuit court of Champaign County is affirmed.

Affirmed.

CRAVEN and TRAPP, JJ., concur.