The People of the State of Illinois, Plaintiff-Appellee, *v.* Doris R. Jackson, Defendant-Appellant.

(No. 72-307;

Third District—July 31, 1974.

Elliot Samuels, of Chicago, and James Geis, of the State Appellate Defender's Office, of Ottawa, for appellant.

James O. Christy, Assistant State's Attorney, of Peoria, for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The defendant, Doris R. Jackson, after a bench trial in the circuit court of Peoria County, was found guilty of unlawful possession of a controlled substance in violation of Section 402(b) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, § 1402(b)). Following a hearing in aggravation and mitigation the defendant was sentenced to a term of not less than 1 nor more than 3 years in the penitentiary.

The evidence adduced during the defendant's trial discloses that she was arrested on January 28, 1972, by several Peoria police officers who were executing a search warrant of a residence located at 1318 West Martin in the city of Peoria. During the search the officers recovered 6.8 grams of heroin from a lady's purse which also contained some of her personal effects and identification papers.

A search warrant in the instant case was issued by a judge upon the sworn complaint of a Sgt. Krueger of the Peoria Police Department. The complaint was premised upon information that Sgt. Krueger had allegedly received from a "confidential informant." The complaint alleged, *inter alia*, that the person to be searched was a "black female," first name Dora, or Doris, who resided at 1318 West Martin, that the contraband that was the object of the search was heroin, and that the complainant (Sgt. Krueger) received this information from a confidential informant who had on two separate occasions informed the complainant within the past 2½ months that he could purchase certain narcotics, and did make controlled purchases of narcotics which turned out to be amphetamines and marijuana. It was further alleged that the informant had occasion to be present inside the premises to be searched and while there observed a white powdery substance which the aforementioned Dora or Doris had represented to him to be heroin.

Prior to trial the defendant moved to quash the search warrant and to suppress the evidence seized under its purported authority. At the conclusion of a hearing on this motion it was denied by the trial court. It is the defendant's contention that reversible error was committed by the trial court when it denied the motion to quash the search warrant and suppress the evidence procured as a result of the search.

In support of this assignment of error the defendant first argues that the complaint for the search warrant failed to establish probable cause as required by the test set forth in the case of *Aguilar v. Texas*, 378 U.S. 108, 114, 12 L.Ed.2d 723, 84 S.Ct. 1509, when the United States Supreme Court stated:

"[T]he magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the under-

328

lying circumstances from which the officer concluded that the informant, whose identity need not be disclosed [citation], was 'credible' or his information 'reliable.' "

It is the defendant's reasoning that the informer referred to in the complaint for the search warrant based his conclusion that heroin was present at 1318 West Martin, Peoria, Illinois, not upon what he saw or recognized but instead upon what he was told by a third person whose reliability was never established. The defendant refers to the complaint as a "multiple hearsay affidavit" which fails to meet the requirements set forth in *Aguilar v. Texas*, 378 U.S. 108.

■■■ It is well established that probable cause for a search warrant may be based on evidence which would not be competent evidence at a trial, *i.e.*, hearsay evidence. See *United States v. Ventresca*, 380 U.S. 102, 13 L.Ed.2d 684, 85 S.Ct. 741. The defendant does not dispute this rule of law but claims that in the instant case "probable cause" for the issuance of a search warrant was never established since we have a situation where the informant provided hearsay information based upon hearsay information received from another individual. In support of her contention that a "multiple hearsay" situation existed which prevented the establishment of the requisite "probable cause" upon which the issuance of a search warrant must be based the defendant cites the case of *United States v. Roth*, 391 F.2d 507 (7th Cir. 1967). While it is true that a "double or multiple hearsay" situation existed in the case of *Roth* which resulted in a search warrant being held invalid, we find that the facts in *Roth* are clearly distinguishable from those in the instant case. We have before us a situation where the informant based his conclusions upon information which was supplied to him by the person who was to be searched and who ultimately became the convicted defendant in this suit. It has long been the rule in evidentiary cases that an exception to the hearsay rule is admissions made by a party defendant. In the *Roth* case there were present hearsay statements based upon hearsay statements of a completely unconnected third party. As we have stated, such was not the situation in the instant case. It has been held that probable cause means simply that the facts and circumstances within the knowledge of the affiant and of which he has reasonably trustworthy information were sufficient to warrant a man of reasonable caution to believe that the law was being violated and that evidence of it was in the premises. (*People v. Francisco*, 44 Ill.2d 373, 255 N.E.2d 413.) We believe that such test was met in the instant case and that the complaint for search warrant stated sufficient facts in a competent manner to establish the requisite probable cause.

■■  The defendant next urges as error that the complaint for search warrant failed to establish that the confidential informer was reliable or that his information was credible. Specifically the defendant quarrels with that portion of the complaint which alleged that the confidential informant had given information within the preceding 2½ months· which led to a controlled purchase of marijuana on one occasion and a controlled purchase of amphetamine on another occasion. It is defendant's contention that there should have been present allegations to the effect that the informant had supplied information which led to arrests, convictions or the prosecution of drug offenders. We know of no law, statutory or in the form of precedents set forth in case law, that mandates such a stringent requirement. We believe that the determinative question is, "Considering all the allegations in a complaint for a search warrant is there sufficient basis for a judge to conclude that narcotics were probably present in the premises?" This appears to be the rule set forth in *Jones v. United States,* 362 U.S. 257, 4 L.Ed.2d 697, 80 S.Ct. 725. We note that in *Jones* it was merely alleged that the informant had previously given accurate information, yet the United States Supreme Court, with Justice Douglas dissenting, held that there was established probable cause for the issuance of a search warrant. We do not agree with the defendant that in the instant case the complaint failed to establish the reliability of the informant or that his information lacked credibility.

Lastly the defendant claims that the trial court abused its discretion in imposing a penitentiary sentence upon her instead of granting probation. In considering this contention we immediately recognize that this court is not empowered to grant probation after the trial court has imposed a penitentiary sentence. (*People ex rel. Ward v. Moran,* 54 Ill.2d 552, 301 N.E.2d 300.) We are, however, cognizant of the rule which permits a reviewing court to reduce the punishment imposed by a trial court. (50 Ill.2d R. 615(b)(5).) In examining the record in this cause we find that the defendant was charged with the possession of a controlled substance in violation of section 402(b) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, § 1402(b)), on January 28, 1972, and that the prescribed penalty for such offense at this time was imprisonment in a penal institution *other* (italics supplied) than the penitentiary for not more than 1 year or in the penitentiary from 1 to 8 years. The defendant is entitled to the benefits of such statutory provisions since they were in effect when she was indicted, tried and found guilty. The Unified Code of Corrections effective January 1, 1973, provides that the sentencing provisions of a prior law shall apply if a case has not been finally adjudicated and if the sentence under the prior law

is less than that prescribed by the Unified Code of Corrections. (See Ill. Rev. Stat. 1973, ch. 38, § 1008—2—4.) The sentence under the new Code is clearly more severe than that mandated under the prior law. See Ill. Rev. Stat. 1973, ch. 56½, § 1402(b).

■■ The record discloses that the defendant was a user of drugs for a 7-month period but at the time of sentencing was free from all drug usage. There is ample evidence that with the exception of this 7-month period she was a good citizen and a concerned mother of seven children. Further we cannot but be impressed that during the hearing in aggravation and mitigation the prosecution joined with defense counsel in a plea for leniency. This court was further advised during oral argument of this appeal that the defendant, while now at liberty, has served in penal institutions from 5 to 7 months of the sentence imposed upon her. We believe that the authority granted to reviewing courts by Supreme Court Rule 615(b)(5) was so granted in order that the same could be exercised in cases such as the one we are now considering and therefore, pursuant to such authority, we reduce the sentence imposed upon the defendant to that period of time which she has been incarcerated in the Peoria County jail and any other penal institution prior to, during and subsequent to her trial in this cause, said incarceration being related to her arrest and conviction in this case.

For the reasons set forth the judgment of the Circuit Court of Peoria County and the sentence imposed thereon as modified by this court is affirmed.

Affirmed with sentence modified.

ALLOY and DIXON, JJ., concur.