THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* CAROL S. MITCHELL, Defendant-Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* LANA M. BROWN, Defendant-Appellee.

(No. 61351; 

Nos. 61352-53; 

First District (5th Division)—September 26, 1975.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and ·Raymond J. Prosser, Assistant State's Attorneys, of counsel), for the People.

No brief filed for appellee.

PER CURIAM (Before Drucker, Lorenz and Sullivan, JJ.):

Following a police search conducted pursuant to a warrant, defendants Carol S. Mitchell and Lana M. Brown were charged with the unlawful

possession of a narcotic drug, heroin, in violation of section 402 of the Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1402). The trial court sustained defendants' motion to quash the search warrant and to suppress the physical evidence seized under its authority (our case No. 61351). The criminal charges against defendants were stricken with leave to reinstate (our cases Nos. 61352 and 61353). The State appeals pursuant to Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1973, ch. 110A, par. 604(a)(1)), and the cases were consolidated on appeal. The record filed in case No. 61351 contains the complaint for the search warrant. Cases Nos. 61352 and 61353 pertain to the criminal actions brought against Lana M. Brown and Carol S. Mitchell, respectively. On motion of the State the cases have been consolidated on appeal.

■■ No brief was filed by defendants, but in accordance with the court's discretion the matter will be considered on the merits. (*People v. Caruso*, 2 Ill.App.3d 80, 276 N.E.2d 112; *People v. Farrell*, 20 Ill.App. 3d 786, 314 N.E.2d 538.) The sole issue on appeal is whether the trial court wrongfully sustained the motion of defendants to suppress the physical evidence.

The search warrant in question was issued on April 17, 1973, on a complaint by Officer Harold L. Johnson of the Chicago Police Department. In his Complaint for Search Warrant Officer Johnson filed the following affidavit:

"I am Harold L. Johnson, a Chicago Police Officer assigned to the VCD-Narcotics Section. On 16 April 1973 on 87th & Stony Island Ave., Chicago, Ill. I had a conversation with a reliable informant whom I have known for the past (6) months and who has given me information relative to Narcotics on (2) occasions which has led to (2) arrests with both cases pending in Court. On Each occasion Narcotics were confiscated.

On 16 April 1973 the informant told me that on that same date (16 April 1973) he had been in the 2nd fl. East apt. at 4637 (f) S. Lake Park Ave., Chicago, Illinois and purchased a spoon of Heroin from a F/N known to him as CAROL MITCHELL for the sum of $125.00 USC. The informant also stated as he was leaving the subject premises he observed more Heroin in the possession of and under the direct control of CAROL MITCHELL in the subject apt. I then asked the informant how he knew the substance he had purchased was Heroin. The informant then stated he has been using Heroin for over (5) years and when he used a portion of the substance he had purchased he got the same effect he has been getting from using Heroin over the years.

I then went to the subject location and set up a surveillance.

In the span of (30) minutes I observed (8) persons enter and then emerge from the subject location."

On the same day, April 17, 1973, a search was made of the premises occupied by the defendants. Carol Mitchell had 2.4 grams of heroin in her possession and Lana Brown had 8 grams. The defendants were charged by complaint with the offense of possession of a controlled substance.

No evidence was heard at the hearing on the motion to quash the search warrant. Counsel for defendants argued that the reliability of the informant was not established because although the affidavit states that the informant had, during the past six months, given the affiant information relative to narcotics on two occasions which led to two arrests, there was nothing in the affidavit relative to the outcome of those two arrests. Counsel also argued that the affidavit does not disclose "whether those people were charged or were convicted of having in their possession heroin or narcotics." Counsel further argued that according to the affidavit the informant made a purchase of heroin and used the heroin the same day so that the informant, a known addict, gave the police officers information while he was "high from the injection of heroin"; and the police officers relied on such information.

The trial judge rejected the second argument because, he said, there is nothing in the affidavit stating that he was "high" when he gave the alleged reliable information, and also it might well be that the informant would be more truthful while under the influence of narcotics than if he were not under the influence of heroin. However, the trial court did state:

"The information in the affidavit simply states that narcotics were recovered. This basically is a rumor. There is nothing to back it up that Officer Johnson, the affiant in this case, does have a great deal of experience with narcotics and he could have field-tested it in the other case and it could possibly state they have laboratory reports from the Chicago Police Department crime lab verifying the analysis of the contraband confiscated in the previous arrest. Without that in there, there is some reliability lacking. Under those circumstances the * * * Motion to quash the search warrant will be sustained."

■■ In the trial court the defendant argued that an informant's reliability can only be sufficiently established if his prior information resulted in convictions and not mere arrests. It is clear that an affidavit based on the personal observations of one other than the affiant is sufficient to show probable cause for issuance of a search warrant as long as a substantial basis for crediting the hearsay is presented. (*People v. Williams,*

27 Ill.2d 542, 190 N.E.2d 303; *People v. Francisco*, 44 Ill.2d 373, 255 N.E.2d 413.) In such cases corroboration of the informant's information contained in the affidavit is not essential to establish probable cause for issuance of the search warrant. (*People v. Volturo*, 8 Ill.App.3d 131, 289 N.E.2d 277.) Rather, the only requirement is that the issuing magistrate be able to make an informed and deliberate determination from the underlying circumstances set forth in the affidavit that the informant is, in fact, reliable and accurate. Such determination must be made in a common sense, realistic fashion. (*People v. Dillon*, 44 Ill.2d 482, 256 N.E.2d 451.) To hold that an informant may be termed "reliable" only when there has been a showing of convictions resulting from prior information or tips would be both unrealistic and unnecessarily rigid. *People v. Jovanov*, 26 Ill.App.3d 720, 325 N.E.2d 417; *People v. Davis*, 28 Ill.App.3d 30, 328 N.E.2d 89.

■■ The trial judge stated that the information in the affidavit to the effect that narcotics were recovered basically is a rumor; that the affidavit should have stated that the "laboratory reports from the Chicago Police Department crime lab verifying the analysis of the contraband confiscated in the previous arrest"; and that "without that in there, there is some reliability lacking." The effect of the trial judge's statement is that it is not sufficient for the police officer to state that in the previous arrests "narcotics were confiscated." The trial judge would require the police officer to further state that the substances seized in the previous arrests were field-tested and analyzed by the Chicago Crime Lab and found to be a narcotic. That is not the law. This court has upheld the validity of search warrants where the police officer, the affiant, has stated that arrests were made and narcotics confiscated as a result of informer's information. (*People v. Packer*, 25 Ill.App.3d 332, 323 N.E.2d 39; *People v. Davis*, 28 Ill.App.3d 30, 328 N.E.2d 89.) There was no requirement that the affidavit state that narcotics had been field-tested or analyzed. Accordingly the police officer's affidavit that arrests were made and narcotics confiscated was sufficient basis for the issuance of the search warrant.

The order quashing the search warrant in case No. 61351 is reversed and the cause remanded for further proceedings. The appeals in cases Nos. 61352 and 61353 are dismissed since an order striking a case from the docket with leave to reinstate is not an appealable order.

Case No. 61351 reversed and remanded.

In cases Nos. 61352 and 61353 appeals dismissed.