THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* VIRGIL D. MARTIN, JR., Defendant-Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* EARL L. MARTIN, Defendant-Appellee.

Fourth District   Nos. 15205, 15206 cons.

Opinion filed April 6, 1979.

Paul L. Stone, State's Attorney, of Sullivan, for the People.

Roger A. Simpson, of Doss & Simpson, of Monticello, for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Upon the court's own motion, these cases have been consolidated for disposition. The defendants, Virgil and Earl Martin, were charged in the circuit court of Moultrie County on January 31, 1978, with possession of cannabis, a violation of section 4(d) of the Cannabis Control Act (Ill. Rev. Stat. 1977, ch. 56½, par. 704(d)). In a pretrial motion, the defendants moved to suppress the evidence seized pursuant to a search warrant on the grounds that the warrant did not state facts sufficient to show probable cause for its issuance.

In his affidavit and statement of probable cause, the affiant police officer stated in part:

"On January 27th, 1978, at approximately 9:30 P.M., I and Officer Jim Lillpop, also of the City of Sullivan Police Department, went to the two-story white house on the southwest corner of Roane and Hamilton Streets in Sullivan, at the request of the Moultrie County dispatcher. Officer Lillpop and I went to the second floor of this house to advise one Tina Newberry that she was requested to go to the Moultrie County jail. Tina Newberry was present in an apartment on the second floor of this house. While climbing the stairs to the second floor, I smelled what I thought to be the odor of cannabis. While standing at the door of the southeast apartment on the second floor of this house, Jim Lillpop heard a male voice from inside the southwest apartment say, 'Bring that pot over here.' Officer Lillpop and I knocked on the door of the southeast apartment and were invited in by the occupants. After entering this apartment, I immediately smelled the odor of what I thought to be cannabis. The odor was very strong."

Based upon this affidavit and statement, Judge Munch issued the search warrant on January 27, 1978, at approximately 11:30 p.m. The warrant was for *both* apartments. The warrant was executed by officers of the Sullivan police department, and the defendants, who resided in the southwest apartment, were arrested as a result of the search.

Judge Steigmann, presiding at the hearing on the motion to suppress the evidence, stated:

"After considerable thought on this point, and after listening to the arguments of counsel, I am convinced that the only conclusion which I can reach, and reach reluctantly—I don't know how else to explain it other than to indicate that I don't believe under the circumstances that are before the Court in this complaint, that after the apartment, the southeast apartment was entered, and the very

strong odor of cannabis was detected, there is any longer a basis to believe, or for that matter to strongly suspect that the cannabis smell, the cannabis odor in the hallway was attributable to the southwest apartment. It is simply an inference this Court can not draw. I don't believe it's a reasonable one to draw."

The substance of the State's argument on appeal is that Judge Steigmann's finding that probable cause to issue the warrant did not exist was merely a substitution of his views for the findings previously made by Judge Munch in issuing the warrant. The State would have us rule that once a magistrate issues a search warrant which he finds to be based on probable cause, another trial judge may not overturn that decision in ruling on a motion to suppress. We cannot agree with the State's argument. Such a holding would immunize the re-examination of the warrant issuance, and determine the ruling upon a motion to suppress.

■■ Probable cause for the issuance of a search warrant exists when "the facts and circumstances within the knowledge of the affiant, and of which he had reasonably trustworthy information, were sufficient in themselves to warrant a man of reasonable caution to believe that the law was being violated and that evidence of it was in the premises or vehicle or on the person to be searched." (*People v. Francisco* (1970), 44 Ill. 2d 373, 376, 255 N.E.2d 413, 415.) Although the affiant need not show guilt beyond a reasonable doubt, it is axiomatic that probable cause necessarily encompasses more than a mere suspicion.

■■ Section 114—12(a)(2) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 114—12(a)(2)) allows a defendant to challenge an unlawful search or seizure and to suppress any evidence so obtained on the ground that probable cause did not exist for the issuance of the warrant. This necessarily implies that the hearing judge has the authority to overturn the finding of the issuing judge that probable cause did exist. This record shows, as Judge Steigmann held, that the search warrant was issued for the southwest apartment without a showing of probable cause.

Accordingly, we affirm the decision of the circuit court of Moultrie County.

Affirmed.

REARDON, P. J., and MILLS, J., concur.