THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* CHARLES TATMAN *et al.*, Defendants-Appellees.

Third District   Nos. 79-420, 79-419, 79-416, 79-404, 79-407, 79-302, 79-418 cons.

Opinion filed June 23, 1980.

Fred R. Odendahl, State's Attorney, of Monmouth (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert Agostinelli and Charles Hoffman, both of State Appellate Defender's Office, of Ottawa, for appellees.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is a consolidated appeal by the State from an order of the Circuit Court of Warren County granting the seven defendants' motion to quash a search warrant and to suppress evidence seized in the execution of that warrant. The trial court found that the complaint for a search warrant failed to satisfy the requirements set forth in *Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509. On the basis of deficiencies under both parts of the *Aguilar* test, the court quashed the warrant and ordered the evidence suppressed. Alternatively, the court also found that the officers executing the warrant had violated the "knock and announce" rule without justifiable cause. The State appeals from these rulings and orders, contending that the court erred in them.

Although all the consolidated cases involved the same incident, a number of separate hearings were held in the individual cases in the trial court to determine the sufficiency of the warrant and the propriety of its execution. Since we find the issue of the warrant's sufficiency to be dispositive in the cases, there is no need for a lengthy recitation of the facts.

The complaint for a search warrant in this case was made out and sworn to by Warren County deputy sheriff Gary Higbee. The complaint states that Higbee had reason to believe cannabis was unlawfully present in a mobile home trailer belonging to Kenneth and Nanci King, which trailer was located on Lake Warren in Warren County. The supporting information for the warrant consisted of the following statements:

"1. I, Gary Higbee, am a Deputy of the Warren County Sheriff's Department;

2. Both the person of Kenneth King and the location of the mobile home in which he resides are personally known to me;

3. On November 30, 1978, I was told by a confidential source that he personally observed cannabis in the presence of Kenneth King at his residence on the evening of November 30, 1978;

4. The person of Kenneth King and his residence are personally known to this confidential source;

5. This confidential source is personally known to me and is a reliable private citizen of this community;

6. On several occasions, this confidential source has supplied information to law enforcement officers which, because of its truth and accuracy, has resulted in the seizure of quantities of cannabis;

7. That as a result of this past information provided by this confidential source, individuals have been arrested and successfully prosecuted for the unlawful possession and delivery of cannabis."

On the basis of this complaint, a search warrant was issued for the King residence and the person of Kenneth King. A search was conducted that same day during which cannabis was found. The defendants, who had been present on the premises at the time of the execution of the warrant, challenged the sufficiency of the warrant in their individual cases. The trial judge hearing the motions to quash and to suppress quashed the warrant and ordered the evidence, seized during the search, suppressed. The court held that the warrant was insufficient in that it failed to set forth sufficient facts to establish the reliability of the unnamed informant and, also, that the warrant failed to set forth sufficient facts to substantiate the

informant's conclusions by showing his basis of knowledge. We agree and affirm.

■■ Prior to addressing the main issues, however, we are met with the State's argument, made for the first time here on appeal, that *res judicata* operates to prevent the trial judge from reviewing the findings of the issuing judge as to the sufficiency of the complaint for a search warrant. By failing to raise the issue in the trial court, the State has waived it for appeal purposes. (*People v. Zeller* (1977), 51 Ill. App. 3d 935, 367 N.E.2d 488.) We note, in passing, that section 114—12(a)(2) of the Criminal Code (Ill. Rev. Stat. 1977, ch. 38, par. 114—12(a)(2)) expressly provides that a defendant aggrieved by an unlawful search and seizure may move to suppress the evidence on the grounds that the warrant was illegal because it was insufficient on its face, or because there was no probable cause for its issuance. Trial court review over an issuing judge's decision to issue a warrant is provided for by statute, and it is proper and necessary. *People v. Martin* (1979), 70 Ill. App. 3d 36, 388 N.E.2d 278.

■■ Turning to the issue of the complaint's sufficiency in the instant case, we note that both sides agree that the tests to determine a warrant's sufficiency were set forth in *Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509. In that case, the United States Supreme Court established a two-prong test which must be met in order for hearsay information to justify the issuance of a search warrant. That test requires that an affidavit which relies upon hearsay information from an informant must explicitly set forth (1) sufficient facts from which the issuing judge can determine whether the informant is credible and reliable and (2) sufficient facts which set forth the underlying circumstances to substantiate the informant's conclusions or basis of knowledge. (*Aguilar v. Texas* (1964), 378 U.S. 108, 114, 12 L. Ed. 2d 723, 84 S. Ct. 1509; *People v. Palanza* (1978), 55 Ill. App. 3d 1028, 371 N.E.2d 687; *People v. Barker* (1979), 72 Ill. App. 3d 466, 391 N.E.2d 214.) In both *Barker* and *Palanza*, we emphasized the crucial importance of underlying facts in a complaint and affidavit. (72 Ill. App. 3d 466, 468-70; 55 Ill. App. 3d 1028, 1029-31.) Facts must be presented to the magistrate to establish an informant's basis of knowledge for conclusions reached by him and to establish an informant's credibility and reliability. Mere conclusory allegations of a police officer or an informant, without factual support, do not provide magistrates with enough information upon which to make an independent determination of the conclusions in the affidavit.

■■ In the instant case, the affidavit is devoid of supporting facts which substantiate the conclusions reached in the affidavit. Paragraph 3 of the affidavit states that a confidential source informed Deputy Higbee that he observed cannabis in the presence of Kenneth King at his residence on the

evening of November 30, 1978. Yet, there is nothing in the affidavit which provides supporting facts for the informant's basis of knowledge which are necessary to be shown so that the informant's conclusions can be reviewed. In this case, we are given only the mere conclusion of the informant. The affidavit provides no detail even as to the appearance of the substance alleged to be cannabis. It provides no details to indicate why the informant arrived at his conclusion that cannabis was present, nor does it contain any facts showing the informant's experience in the area of drug identification. In short, as the trial court found, the complaint and affidavit provide no details from which a magistrate could make an independent determination of the validity and reasonableness of the informant's conclusions. (*People v. Palanza* (1978), 55 Ill. App. 3d 1028, 371 N.E.2d 687; *People v. Davenport* (1974), 19 Ill. App. 3d 426, 311 N.E.2d 751.) In *Palanza* we were presented with slightly more supportive detail in the affidavit than is present in this case, but we nevertheless upheld the court's determination that the evidence be suppressed for insufficiencies in the complaint and affidavit. (55 Ill. App. 3d 1028, 1030-31.) Similarly, in the instant case, sufficient facts were not presented to the magistrate establishing the informant's basis of knowledge for his conclusions. The warrant was properly quashed and the evidence suppressed.

We are unpersuaded by the State's assertion that paragraphs 5, 6 and 7 of the affidavit provide the necessary factual support for the informant's basis of knowledge. Those paragraphs make no attempt to state facts showing why the informant concluded that cannabis was present on the King premises. Nor do they allege sufficient facts establishing the informant's familiarity with the drug. What those paragraphs purport to do is to establish the informant's reliability and credibility. Even as to that, the second showing required under *Aguilar*, they are insufficient. (*People v. Young* (1972), 4 Ill. App. 3d 602, 279 N.E.2d 392.) Again, the problem with these paragraphs is their lack of factual detail from which a magistrate could make an independent determination of the informant's reliability and credibility. While the affidavit recites the formula for past information relied upon for successful prosecutions, no detail is supplied at all. There is no specific information provided about when or to whom the information was supplied in the past. There is no detail about the nature of the information or the cases in which it was used. The affiant police officer fails to indicate how he knew that such information had been supplied by the informant in the past. There was no statement that the information in the past was supplied to the affiant officer or to anyone in the sheriff's office. All that was provided to the magistrate was unsupported, undetailed, formulaic conclusions by the officer. Given the

lack of support for his conclusions, we find that the trial court was correct in finding the complaint and affidavit insufficient to establish the informant's reliability and credibility. The complaints and affidavits in the cases cited by the State on this issue all contain significantly more detail or higher quality detailed facts which do not support findings of reliability and credibility. See *People v. Mitchell* (1975), 32 Ill. App. 3d 650, 336 N.E.2d 44; *People v. Jackson* (1974), 21 Ill. App. 3d 326, 315 N.E.2d 204; *People v. Levin* (1973), 12 Ill. App. 3d 879, 299 N.E.2d 336; *People v. Volturo* (1972), 8 Ill. App. 3d 131, 289 N.E.2d 277.

■■■ The State also puts forth an alternative argument seeking to reverse the trial court's decision and order in these cases. It is argued that the informant was a citizen informant, thereby qualifying under the citizen exception to the requirement that reliability and credibility be shown by facts in the affidavit. There are several difficulties with this argument. First, the affidavit makes the conclusory allegation that the anonymous informant is a reliable private citizen, but no facts are set forth which support that conclusion. The State cannot, merely by stating that their informant is a citizen informant, establish that fact. Supporting facts must be presented which support the conclusion that the informant is a private citizen informant. (See *People v. Martin* (1977), 46 Ill. App. 3d 943, 361 N.E.2d 595.) Secondly, even conceding, arguendo, that in this case the State can utilize evidence it presented at the suppression hearings to bolster the affidavit, that evidence here establishes, as the trial court found, that the informant did not qualify under the private-citizen exception to showing reliability. In this case, the evidence established that the informant was a young woman recruited by the police officers to aid them in their investigation. Sheriff's deputies requested that she go to the King residence and attend, uninvited, a party, attended by 13 people, being held there. The deputies drove the informant to the residence and instructed her to call them 30 minutes after she had arrived at the party. Thus, the record clearly shows that at all times pertinent to the circumstances of this case, this informant was acting under the control and direction of the police, with the established sole purpose of providing information to them. Given these facts, the court correctly determined that the State failed to establish that the informant qualified under the "citizen informant" exception to a showing of credibility. Finally, even were we to find (1) that the State could properly use suppression hearing evidence to support the warrant and (2) that such evidence indicated that the informant was a citizen informant, the affidavit is still fatally deficient because of its failure to provide factual support for the informant's conclusion that cannabis was present on the premises.

In view of our disposition of the issue relating to the motion to quash

and to suppress evidence, we have determined that it is not necessary to discuss the issue raised by defendants with respect to the "knock and announce" rule.

For the reasons stated, the judgment of the Circuit Court of Warren County is affirmed.

Affirmed.

BARRY and STENGEL, JJ., concur.